921 F.2d 272
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
AADC, a/k/a AADC Corporation, a/k/a Asbestos Abatement and
Disposal, a/k/a Asbestos Abatement and Disposal
Corporation, a/k/a U.S. Insulation,
Inc., a/k/a A.A.D.C.,
Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
John D. SORINE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clark A. BURLINGAME, Defendant-Appellant.
 Nos. 89-5702 to 89-5704.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1990.
Decided Dec. 26, 1990.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-89-50-N)
 Dennis William Dohnal, Bremner, Baber & Janus, Richmond, Va., (argued) for appellants; Murray J. Janus, Bremner, Baber & Janus, Richmond, Va., on brief for appellants AADC and Sorine, James O. Broccoletti, Zorby & Broccoletti, Norfolk, Va., on brief for appellant Burlingame.
 Robert Bruce Rae, Special Assistant United States Attorney, Norfolk, Va., (argued) for appellee; Henry E. Hudson, United States Attorney, James A. Metcalfe, Assistant United States Attorney, Norfolk, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and STAMP, United States District Judge for the Northern District of West Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 The Asbestos and Abatement Disposal Corporation (AADC), John D. Sorine, and Clark A. Burlingame appeal from the district court's written decision entered September 15, 1989, following a non-jury trial. The trial court convicted appellants Sorine and AADC of one count of conspiracy to defraud the United States in violation of 18 U.S.C. Sec. 371. The trial court convicted appellant Burlingame of one count of submitting a false training certificate for the purpose of defrauding the United States in violation of 18 U.S.C. Sec. 494.
 
 
 2
 Appellants AADC and Sorine argue on appeal that, viewed in the light most favorable to the government, the evidence was not sufficient for any rational trier of fact to convict the appellants of conspiring to defraud the United States. Further, appellant Burlingame argues that, under the same standard of review, the evidence did not establish a prima facie case of submitting a false writing for the purpose of defrauding the United States. We affirm the decision of the district court.
 
 I.
 
 3
 AADC, an Ohio corporation specializing in the removal of asbestos material from commercial buildings, entered into two contracts with the United States Navy in 1986. The first contract called for the removal of asbestos insulation from piping at the Naval Medical Clinic, Norfolk, Virginia, at a cost of $119,223. The second contract contemplated the removal of asbestos tile from the Naval Hospital, Portsmouth, Virginia, at a cost of $449,000.
 
 
 4
 Each asbestos removal contract followed the same general path from submission of the bid to completion of the asbestos removal. AADC submitted a bid in accordance with U.S. Navy specifications. The Navy reviewed AADC's bid and proposed asbestos disposal plan. The Navy and AADC then fleshed out the details of the contract and removal plan and the Navy accepted AADC's proposal. After several instructive meetings, AADC began the asbestos removal. As work progressed, air samples were taken to test for fiber content in the work area. AADC submitted daily progress reports and weekly payroll information to U.S. Navy inspectors. AADC periodically presented a "Contractor's Invoice" to the Navy, on which it reported the total value of the contract, the percentage of work completed to date, and a request for payment for the work completed. The Navy then reviewed the information on the invoice and if the Navy found the information "correct and proper for payment," the Navy paid the invoice. At the completion of each job, insulation and tile were replaced and government inspectors found no apparent problems with the work.
 
 II.
 
 5
 On April 18, 1989, a grand jury returned a 71-count indictment against AADC and five of its officers and employees, including appellants Sorine and Burlingame, charging AADC and its employees with conspiring to defraud the U.S. Navy and the commission of various related substantive acts, in violation of 18 U.S.C. Secs. 287, 371, 494, 641, and 1001. On June 21, 1989, the grand jury returned a 69-count superseding indictment, which alleged essentially the same criminal violations but corrected certain defects that had existed in the earlier indictment.
 
 
 6
 The district judge began a bench trial on August 14, 1989. The trial spanned eight days and involved the testimony of more than 30 witnesses. In addition, the government and the defendants introduced more than 200 exhibits during the course of the trial.
 
 
 7
 The government argued at trial that the defendants had conspired to defraud the U.S. Navy by improperly holding themselves out as responsible, responsive bidders, by obtaining the contracts through fraud, by subverting a variety of government contract requirements, and by submitting false statements to maximize profits.
 
 
 8
 At the close of the government's case, defendants collectively moved for judgments of acquittal pursuant to Fed.R.Crim.P. 29(a). The court asked counsel if there was any objection to the court deferring ruling on defendants' motions until the close of the case. The government did not object and the defendants agreed to the court's suggested procedure with the understanding that any evidence presented during the defendants' cases would not waive the motions for judgment of acquittal and that the court would base its ruling on the motions for judgment of acquittal solely on the evidence received during the government's case in chief.
 
 
 9
 The defendants renewed their motions for judgments of acquittal at the conclusion of all of the evidence and the district court took the motions under advisement. No party submitted trial briefs prior to the decision or requested special findings before the trial judge reached his decision. On September 15, 1989, the court rendered its verdict as to all defendants by written memorandum, which was read and filed in open court. The court noted in its written memorandum that no trial transcript was available to the court and that the court's own notes on the trial filled more than 100 legal pages. The court first dismissed five of the counts in the indictment. The court then convicted AADC and Sorine of conspiracy while acquitting both of all remaining allegations. Burlingame was convicted of making a false statement in a document prepared in connection with a government contract and was acquitted on all other charges. A third defendant, Norrel E. Dearing, was convicted on the conspiracy charge and on two counts of making a false statement to the government in connection with a contract.
 
 
 10
 After the published verdict, counsel for Sorine and Dearing asked the court to make special findings with respect to the conspiracy convictions. The court provided written special findings on September 26, 1989. In its findings, the court stated:
 
 
 11
 That it has been proved beyond a reasonable doubt that John D. Sorine and Norrel E. Dearing, defendants with AADC, a defendant, unlawfully conspired and joined together (and with another ... known to the Grand Jury but not indicted) to defraud the United States ... by submitting false bonds supported by false affidavits in violation of 18 U.S.C. Sec. 494.
 
 
 12
 The court continued its findings by stating "[t]hat in furtherance of the conspiracy and to effect its objects, and during the period of the conspiracy, John D. Sorine and Norrel E. Dearing, with AADC, committed at least one overt act as charged ..." (emphasis added). At a hearing on post-trial motions held November 9, 1989, Sorine's counsel asked the court whether its special findings were that the conspiracy that had been established was that of falsification of the individual affidavit of surety by Dearing. The court responded that "[t]hat was one of the overt acts."
 
 
 13
 On September 20, 1989, Burlingame submitted a post-trial motion for judgment of acquittal. The trial court scheduled a hearing on the motion for November 9, 1989, at the conclusion of which the court overruled Burlingame's motion. In the course of the hearing, the court stated that: "The record reflects that at the ... conclusion of the government's evidence there were outstanding numerous exhibits which indicated and testimony which indicated--would be indicative of Clark Burlingame's guilt." After noting that Burlingame's name did not appear on the attendance list for a November seminar he claimed to have attended, the court further indicated that "there had been exhibited in the case and accepted as an exhibit the certificate itself which was to certify that Burlingame, signed by Burlingame, had attended a seminar on December 6th [a date on which no seminar was held]." Burlingame admitted in his own trial testimony that he signed his name to this certificate knowing that he had not received the required training, but this evidence was received after the motion for a judgment of acquittal and was not to be considered by the court in ruling on the motion.
 
 
 14
 The three appellants now assign error as to the district court's rulings.
 
 III.
 
 15
 The appropriate standard for review of the district court's verdict is, as stated in Jackson v. Virginia, 443 U.S. 307, 319 (1979), "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."
 
 
 16
 Sorine argues that since he was acquitted of the substantive charge of submitting false bonds supported by false affidavits, the act cited in the court's special finding, his conviction on the conspiracy charge is not supported by the evidence when viewed in a light most favorable to the government and must be reversed.
 
 
 17
 AADC argues that since Sorine should not have been convicted of participation in the conspiracy, only one of its agents was involved in the conspiracy and, therefore, the corporation cannot be found guilty of conspiracy.
 
 
 18
 Burlingame argues that the sole basis on which the court convicted him was his own admission after the close of the government's case that he had knowingly signed his name to a false training certificate, evidence that the court could not permissibly consider in ruling on the motion for a judgment of acquittal. Burlingame further argues that absent this admission, the evidence when viewed in a light most favorable to the government was insufficient to establish a prima facie case against him.
 
 
 19
 We will address appellants' arguments separately.
 
 A. Sorine
 
 20
 Sorine agrees that: "A substantive offense and a conspiracy to commit that offense are separate and distinct crimes.... A defendant thus may be convicted of the crime of conspiracy even if the substantive offense was not actually committed." United States v. Goldberg, 756 F.2d 949, 958 (2d Cir.1985). Sorine further acknowledges that "[i]t has long been the rule that inconsistency is not a ground for voiding a verdict of conviction." United States v. Martindale, 790 F.2d 1129, 1134 (4th Cir.1986). A single conspiracy, as alleged, may have several objectives and a defendant may be found guilty of conspiracy based upon proof of overt acts that do not correspond to the substantive acts of which he was acquitted. Id. Sorine contends, however, that there was no evidence of any other overt acts upon which the conviction could be grounded. He argues that the district court agreed with this conclusion in its special findings.
 
 
 21
 Sorine's reading of the evidence, when viewed in a light most favorable to the government, does not comport with the reading of this Court. After a review of the evidence introduced at trial, this Court concludes there is a sufficient basis for a rational trier of fact to find that Sorine was guilty of at least one overt act in furtherance of the conspiracy. The testimony of K.M. Rinaldi, J.D. Dearing, and Gabriel Dempshar, Jr., taken together and again viewed in a light most favorable to the government, supports the finding that Sorine committed at least one overt act in furtherance of the conspiracy. Additionally, in its special findings, the court stated "[t]hat in furtherance of the conspiracy and to effect its objects, and during the period of the conspiracy, John D. Sorine and Norrel E. Dearing, with AADC, committed at least one overt act as charged ..." (emphasis added). The district court is clearly indicating that the overt act stated in the special findings is only one of several overt acts. This conclusion is further buttressed by the fact that the court responded to counsel's questioning as to the basis for Sorine's conviction that "[t]hat was one of the overt acts." Viewing all the evidence in the light most favorable to the government, the conviction of Sorine on the conspiracy count is supported by the evidence and must be affirmed.
 
 B. AADC
 
 22
 AADC acknowledges that a corporate defendant can be found guilty of conspiracy if the evidence establishes beyond a reasonable doubt that two or more of its agents or employees, acting within such a capacity, conspired as alleged. See United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 406 n. 5 (4th Cir.1985). Since this Court has found that the conviction of Sorine is supported by the evidence, and since Dearing, also an employee of AADC, was convicted of falsifying documents, two of AADC's employees have been properly convicted of conspiring as charged while acting within the scope of their employment. Additionally, the district court stated in its special findings that Sorine and Dearing "and ... another [employee of AADC] known to the Grand Jury but not indicted" defrauded the United States. The implication of this statement is clear: although not charged, a third employee of AADC was involved in the conspiracy to defraud the United States. This is additional evidence in support of the trial court's verdict. So, the evidence viewed under the applicable standard for review supports the district court's verdict and AADC's conviction on the conspiracy charge must be affirmed.
 
 C. Burlingame
 
 23
 The court in its verdict stated that Burlingame admitted on the stand that he had validated his own certificate knowing it to be false. The district court also stated in its verdict that this was the only evidence against Burlingame on this count. In the hearing on Burlingame's post-trial motion, the court clarified its verdict. The court stated that: "The record reflects that at the ... conclusion of the government's evidence there were outstanding numerous exhibits which indicated and testimony which indicated--would be indicative of Clark Burlingame's guilt." This clarification makes it abundantly clear that the court, in denying Burlingame's motion for acquittal, reviewed only that evidence received before the close of the government's case. Again, under the applicable standard of review, there is sufficient support in the record for Burlingame's conviction.
 
 
 24
 Burlingame also recites that the district court found "[t]he credibility level of [the three witnesses who testified that Burlingame was involved in altering, forging, and providing numerous false writings to the U.S. Navy in support of the asbestos removal contracts] was poor. However, none of them implicated AADC, John D. Sorine, Norrel E. Dearing or Richard C. Dearing...." The implication of this statement, however, is that even though the court viewed the testimony of the three witnesses with some suspicion, because each witness implicated only Burlingame rather than variously accusing one or all of the other defendants, the testimony should still be believed. This provides additional support for the trial court's guilty verdict against Burlingame on the charge of knowingly submitting false documentation in connection with a government contract.
 
 
 25
 Therefore, as to all of the issues raised on this appeal, the evidence, when viewed in the light most favorable to the government, would enable a rational trier of fact to find the essential elements of each crime beyond a reasonable doubt, and the convictions of AADC, Sorine, and Burlingame are
 
 
 26
 AFFIRMED.